[No. 21178. In Bank.—January 19, 1895.]

THE PEOPLE, RESPONDENT, *v.* JOHN HERVEY COLBURN, APPELLANT.

CRIMINAL LAW—ROBBERY—SUFFICIENCY OF INFORMATION.—An information against a defendant for robbery which is in conformity with the Penal Code, and which is direct and certain as to the offense charged, and states the facts in ordinary and concise language, so that a person of common understanding cannot but know from its perusal what is intended and charged therein, is sufficient, and is not subject to demurrer.

EVIDENCE—UNANSWERED LETTER FROM THIRD PERSON TO DEFENDANT.—An unanswered letter from a third person to the defendant, found in the possession of the defendant when arrested, is hearsay and inadmissible evidence against the defendant, and the possession of it is not evidence of acquiescence of the defendant in its contents so as to make its contents evidence against him, where it is not shown that the defendant acted upon any information contained in the letter, or by his acts or conduct invited the sending of it to him.

APPEAL from a judgment of the Superior Court of Amador County and from an order denying a new trial.

The facts are stated in the opinion.

*William J. McGee*, for Appellant.

*Attorney General W. H. H. Hart, Deputy Attorney General William H. Layson*, and *District Attorney R. C. Rust*, for Respondent.

SEARLS, C.—Defendant was convicted of the crime of robbery, perpetrated in the county of Amador on the seventeenth day of March, 1893.

He appeals from the judgment and from an order denying a new trial.

The information is in conformity with the provisions of the Penal Code; is direct and certain as to the offense charged, and states the facts in ordinary and concise language, so that a person of common understanding cannot but know from its perusal what is intended and charged therein.

It was not, therefore, subject to the demurrer interposed against it, and such demurrer was properly overruled.

At the trial the prosecution introduced evidence tending to show that in the evening of the seventeenth day of March, 1893, at the store of the "Clinton Consolidated Gold Mining Company" a robbery was committed by two masked men. One of them, a man named Robert Masterson, was recognized by W. H. Dunn, the man in charge of the store when robbed, and, upon being arrested, said Masterson plead guilty, and implicated the defendant, John Hervey Colburn, and Alic Knox as having been assistants in the robbery; Knox, as he stated, having acted as watchman on the outside, while he and defendant perpetrated the robbery.

Defendant and Knox disappeared after the arrest of Masterson.

Defendant was arrested in Arizona some months later, and in his possession a letter was found, which letter, upon proof by one Moore that it was written by him; that he did not know where defendant and Knox were, but was desirous of ascertaining that fact, wrote the letter and gave it to the sister of Knox, who he supposed would manage to have it conveyed to defendant and Knox.

The prosecution offered the letter in evidence, to the introduction of which counsel for defendant objected. The objection was overruled, and the letter admitted and read to the jury.

Defendant assigns the ruling of the court admitting such letter as error.

The following is a copy of the letter, omitting such portions only as relate to personal matters not pertinent to the case. The witness explained that the letters H. C. in the address stood for Herb Colburn, the defendant.

"MODESTO, CALA., June 9, 1893.

"H. C.

"DEAR FRIEND: It has been a long time I heard any thing from you boys. I began to think you had forgot-

ten me. We had the officers hunting in the bottom for a month after you left; they know how you boys got away, as they every thing guarded. The horse is gone; they come after her in a few days after you left. Bill is watched; I don't think it would do to write to him, as he is watched; I have heard it whispered around that if they caught you boys it would go hard with Bill. They are still hot after you, and Sam Embra come down from San Diego; he has told everybody that he seen Alic; boys if you are there be on your guard, I am afraid they will git you boys before you get this. I will send your trunk as soon as I can, but Purvis has it in charge now. They hunting just as hard as the day you left, Purvis has sent word to the San Diego officers that A. was seen there and Sam Embra came back from down there with his moustache shaved off. . . . . I will give you some of the news. Was down to see your brother, was favorably impressed with, I think he would be a good one in your business. Boys look for me after harvest if I don't git a good crop, and I don't think I will. Boys you can write to with danger as stand in with the officers but write, don't write to Bill as they have got an eye on him. Be on your guard boys and don't get caught, tell A. to write me and his mother.          A FRIEND."

That the letter contained damaging evidence against the defendant is quite apparent. It does not in direct terms state his guilt, but the fact that the writer regarded defendant and A (Alic Knox) as being guilty is plainly inferable from his solicitude and caution to them to avoid discovery of their whereabouts.

All this was well calculated to impress a jury with the belief that defendant was guilty.

This letter was clearly hearsay.

Were such evidence admissible against a defendant charged with crime there would be no limit to the power of designing persons to manufacture testimony against their neighbors.

It will not do to say that Moore was a friend of the

defendant, and hence that the evidence was admissible.

It would be quite easy for an enemy, under the guise of friendship, to indict he most damaging epistles to a victim whose destruction he was seeking to encompass.

The question of friendship or enmity does not properly constitute a factor in the problem.

The letter was a statement of a third party in nowise connected with defendant, was not made under the sanction of an oath, and not admissible.

The possession of unanswered letters is not such evidence of acquiescence in their contents as to make them admissible in a civil case, and a letter found upon a prisoner when arrested has been held to be no evidence of the facts stated in it.   (Rapalje on Criminal Law, sec. 283; Wharton on Criminal Evidence, sec. 682; *People* v. *Green*, 1 Park. Cr. Rep. 11; *Commonwealth* v. *Edgerly*, 10 Allen, 184; *Smiths* v. *Shoemaker*, 17 Wall. 630.)

There are exceptions to the rule, as, for instance, where it is shown that the defendant has acted upon the information contained in the letter or where he has answered it, in which case so much of the letter as is explanatory of his answer is admissible, or where the party receiving the letter has by his acts or conduct invited the sending of it to him.

There was no sufficient showing to render the letter admissible under any of these exceptions.

The most that can be said is that Moore received more than one letter which he believed came from defendant; that he did not know defendant's handwriting and the letters were not signed; he did not know from whom they came, and had lost or destroyed them.

This was not sufficient evidence of their authenticity to warrant proof of their contents.

Deeming, as we do, the evidence of the letter from the witness to defendant detrimental to the rights of the latter, the judgment and order appealed from should be reversed and a new trial ordered.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and a new trial ordered.    HARRISON, J.,    VAN FLEET, J.,
McFARLAND, J.,    GAROUTTE, J.,
TEMPLE, C.

Rehearing denied.