[Crim. No. 588.   In Bank.—August 10, 1900.]

## THE PEOPLE, Respondent, v. LEE DICK LUNG, Appellant.

CRIMINAL LAW—HOMICIDE—EVIDENCE—FLIGHT OF DEFENDANT—SUGGESTION OF THIRD PERSONS.—While the actual flight of a defendant accused of murder is evidence of guilt, the advice or suggestion of third persons to the defendant that he should flee is not admissible against him.

ID.—LETTERS FOUND UPON PRISONER—SUGGESTION TO CHANGE RESIDENCE—HARMLESS ERROR.—Letters found upon a Chinese prisoner charged with murder, written from one Chinese society to another, giving warning of his probable arrest, and requesting direction to him that he might change his residence, are inadmissible, in the absence of proof tending to connect him with the sender, and to show that he acted upon their contents. But where he subsequently admitted that he did change his residence upon the suggestion of the letters, the admission of them in evidence is harmless error, though upon a second trial they should not be placed before the jury.

ID.—BAD CHARACTER OF SOCIETY SENDING LETTERS—PREJUDICIAL ERROR. Evidence of a witness for the people that the Chinese society sending the letters was a highbinder secret society, which could be hired for murder or blackmail, is inadmissible, and its admission is prejudicial error, in the absence of evidence tending

to show that the defendant was a member of such society. The
fact that he had a letter therefrom in his possession does not
tend to show that he was a member thereof, or to connect him
therewith, so as to justify such evidence.

ID.—IMPEACHMENT OF WITNESS.—Evidence of the bad character of such
society is not admissible for the purpose of degrading and im-
peaching the defendant as a witness. Neither the defendant
nor any witness can be impeached or degraded in that way.

APPEAL from a judgment of the Superior Court of Sacra-
mento County and from an order denying a new trial. Joseph
W. Hughes, Judge.

The facts are stated in the opinion of the court.

John W. Johnston, and John V. Powers, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant
Attorney General, for Respondent.

GAROUTTE, J.—Defendant has been convicted of murder,
and appeals to this court.

Defendant was arrested some months after the commission
of the homicide. When arrested he was searched, and upon his
person were found two letters purporting to have been written
by a Chinese society known as Suey Ying Tong, and addressed
to another Chinese society known as Woo Soon Tong. The
contents of these letters were to the effect that the friends of
the dead man and the officers of the law were upon the track
of the defendant, and this society to whom they were addressed
was directed to give him information to the end that he might
take precautions in the matter of changing his residence. We
do not see the importance of these letters, especially in view
of the fact that defendant was in no way connected with the
sender of them, and no evidence was introduced tending to show
that he acted upon their contents in any way. (*People v. Col-
burn*, 105 Cal. 648.) While flight is evidence of guilt, the ad-
vice or suggestion of third parties to a defendant that he flee
is not. It is the fact of flight that is material and competent
evidence, and not what third parties may do or say with refer-
ence to the flight. The defendant took the witness stand and
stated that he did the killing in self-defense, and also stated
that he had received a letter from his friends warning him of

the danger of arrest, and further stated that he changed his residence in order to avoid arrest, and at the suggestion of the letter he had received. In view of these facts which the record discloses, we do not perceive any injurious error committed upon the part of the trial court in the admission of these letters in evidence. At the same time, upon a second trial we now see no legal reason why they should be placed before the jury.

Price, a witness for the people, testified that the Chinese society known as the Suey Ying Tong, the party writing the aforesaid letters, was a highbinder society, a secret society, a tong, "one that can be hired for murder or blackmail, or anything you want for money." This evidence, upon every principle of criminal law, should not have gone to the jury. In ordering its admission the trial court stated that it tended to show the character of the defendant. We are at a loss to see how it had any such tendency, for there is not a particle of evidence that the defendant was a member of this tong. There was not even a particle of evidence to the effect that he had any personal knowledge of its existence. The sum and substance of the evidence is that he had in his possession at the time of his arrest two letters written by this tong, directing another tong to inform him of the danger surrounding him. That evidence is wholly too weak to connect defendant with this tong as a member, or even as an associate of its members.

There is another objection to the admission of this evidence of the witness Price, possibly more substantial than the one to which allusion has already been made. The evidence was offered by the prosecution for the purpose of degrading and impeaching the defendant. It was admitted by the court for that purpose. Yet, it is the law of this state—and we believe of every other state—that neither the defendant nor any witness can be impeached or degraded in this way. The effect of this evidence of necessity must have been greatly prejudicial to defendant in the eyes of the jury, and therefore its admission was an error that demands a new trial.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Van Dyke, J., Harrison, J., Henshaw, J., and Temple, J., concurred.