FEDERAL CHEMICAL CO. v. JENNINGS.

[73 South. 567, Division B.]

EVIDENCE. *Writings. Writings beyond jurisdiction of court. Admissibility.*

Secondary evidence of the contents of a letter will not be admitted for the defendant upon a mere showing that the letter was in another state in defendant's desk at his office, without proof that it was lost, destroyed, or misplaced, or that it could not be found after diligent search.

APPEAL from the circuit court of Lawrence county. HON. A. E. WEATHERSBY, Judge.

Suit by the Federal Chemical Company against T. H. Jenning. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Luther E. Grice,* for appellant.

The mere fact that documents are outside the state does not warrant the admission of secondary evidence.

112 Miss.—33

*Floyd* v. *Mintry*, 5 Rich. L. (S. C.) 361; *Waite* v. *High*, 96 Ia. 742; *Wood* v. *Cullen*, 15 Minn. 394; *Deaver* v. *Rice*, 2 Ired. (N. C.) 280; *McGregor* v. *Montgomery*, 4 Pa. St. 237; *Shaw* v. *Mason*, 10 Kansas, 184; *Forest* v. *Forest*, 6 Duer, 104; *Justice* v. *Luther*, 94 N. C. 793; *Pringey* v. *Gass*, 16 Okl. 82, 86 Pac. 292.

This is especially true where the documents in question are in the possession of the party seeking to introduce the secondary evidence (as in the case at bar). *Mandel* v. *Swan Land & Co.*, 154 Ill. 177; *Alabama G. S. R. Co.* v. *Mt. Vernon Co.* (Ala.), 4 So. 356.

In the case at bar the witness had not made even the most casual effort to obtain and produce at the trial the supposed letter which he was allowed to testify about. To admit such testimony under such circumstances would destroy the doctrine that the best evidence of which the case in its nature is susceptible must be produced.

Cook, P. J., delivered the opinion of the court.

This is a suit on an open account. Appellee, in this case, entered into a written contract with appellant to act as its agent at Hebberville, Ky. By the terms of this contract appellant shipped to appellee, upon his order, three tons of fertilizer. The contract provided that appellee was to sell this fertilizer to the farmers of his vicinity, and when sold on time he agreed to take the purchaser's notes and indorse the same to the appellant. The contract provides for reports, discounts, etc. The record shows that appellee sold some of the fertilizer and made report of his sales. The record further shows that appellee, before he sold the balance of the fertilizer, had a fire, and therefore wanted to cancel his contracts, and deliver the fertilizer on hand to appellant, or some substituted agent of appellant. There is evidence that some correspondence was had on this subject.

There is no possible doubt that appellant should have recovered judgment in this case but for the incompetent testimony which the court, over the objections of appellant, permitted to go to the jury.

Appellee, defendant below, contended that he had been released by appellant. He testified that this release was made by letter; that the letter was in his desk in Kentucky. Appellant objected to this testimony for obvious reasons. The court, however, overruled this objection, stating, "I could not by any manner or means control a paper that is in Kentucky." It seemed to have been the court's opinion that oral evidence of the contents of a writing could be given, when it appeared that the writing was without the territorial jurisdiction of the trial court. It will be observed that there was no effort to prove that the letter was lost, destroyed, or misplaced, and, if lost or mislaid, there was no effort made to show that it could not be found after a diligent search, but, on the contrary, the location of the letter was fixed. Later on the objection was renewed and again overruled, the judge remarking, "It is out of the jurisdiction of the court." So far as our investigations lead, this ruling of the trial judge was unique and announces a brand new rule of evidence. We find ourselves unable to go with the judge, and must decline to indorse his reasoning.

*Reversed and remanded.*