[No. 13735.  Department One.  March 16, 1917.]

THE STATE OF WASHINGTON, *Respondent*, v.
HIRAM ROBERTS, *Appellant*.[1]

CRIMINAL LAW—TRIAL—OBJECTION TO EVIDENCE. Error cannot be assigned upon overruling a general objection to the admission of a letter tending to show that the accused was suspected of crime, where it was admissible as matter of impeachment of a witness, and no motion was made to limit the effect of the testimony to the matter of impeachment.

CRIMINAL LAW—EVIDENCE—HEARSAY—LETTERS OF THIRD PERSON. Although a letter written by a third person telling the accused that it was safe for him to return to the state would generally be inadmissible as hearsay, it is admissible as substantive evidence where accused acted upon the advice and made it a guide for his conduct.

Appeal from a judgment of the superior court for King county, Jurey, J., entered April 8, 1916, upon a trial and conviction of robbery. Affirmed.

[1]Reported in 163 Pac. 778.

*L. R. Kerley*, for appellant.

*Alfred Lundin, T. H. Patterson,* and *Joseph A. Barto,* for respondent.

CHADWICK, J.—Appellant was charged with the crime of robbery, and has appealed from a judgment of conviction. Error is assigned in the admission of certain letters written by third parties to appellant after the robbery had been committed. On the day following the robbery, the appellant, with another, left Seattle and went to Lacombe, Oregon. The state's exhibit "B," a letter of the date of February 3, 1916, was written by the sister of appellant to him at Lacombe. She says:

"I sent you ten dollars before I got your letter at Lacombe, Oregon. You had better go to Kamilchie as they are still after you and they will get you if you come back here."

This letter, as well as one to which we shall presently refer, were found upon the appellant at the time of his arrest. The sister was a witness at the trial. She testified that she had never told her brother, by letter or otherwise, that he was suspected of the crime. The state thereupon had the witness identify the letter. It was afterwards introduced, over the objection of appellant, who contended:

"There is no rule of law that will bind this defendant, who is on trial, by a letter that somebody wrote to him telling him that he was suspected."

And it is so contended here.

The state, on the other hand, insists that this letter was competent to impeach the witness. The letter was probably inadmissible under the general rule, and it would not fall within the exception to the rule, which we will discuss under the next assignment of error, so as to become substantive evidence, but it was admissible as matter of impeachment. Counsel for appellant did not move the court to limit the

effect of the testimony, nor did he request an instruction advising the jury that the letter should be considered only as a matter of impeachment and for no other purpose.

If proffered testimony is competent for any purpose, a general objection will not exclude it. In such cases, the duty is upon the objecting party to ask the court to limit the effect of the testimony by advising the jury of the extent to which it may be considered, or by requesting an appropriate instruction. Jones, Evidence (2d ed.), § 894 (897).

State's exhibit "C" is a letter written by one Shaughnessey to appellant, advising him that he thought it was safe for him to return to Seattle. Appellant admitted receiving the letter. We think this letter, when considered in the light of all the facts, is substantive evidence and was properly admitted. It is well established, not only in reason but by authority as well, that letters written by a third party to one who is charged with a crime are not to be taken as an admission against him, but are to be rejected as hearsay. The argument to sustain the rule is most clearly stated in *People v. Colburn,* 105 Cal. 648, 38 Pac. 1105. The court says:

"It would be quite easy for an enemy, under the guise of friendship, to indict the most damaging epistles to a victim whose destruction he was seeking to encompass.

"The question of friendship or enmity does not properly constitute a factor in the problem.

"The letter was a statement of a third party in nowise connected with defendant, was not made under the sanction of an oath, and not admissible.

"The possession of unanswered letters is not such evidence of acquiescence in their contents as to make them admissible in a civil case, and a letter found upon a prisoner when arrested has been held to be no evidence of the facts stated in it."

See, also, 12 Cyc. 434; *Commonwealth v. Eastman,* 1 Cush. 189, 48 Am. Dec. 596; *Commonwealth v. Edgerly,* 10 Allen 184.

But this rule has a well defined exception:

"Letters written to a party and received by him may under some circumstances be read in evidence against him, but before they can be received as admissions against him, there must be some evidence besides the mere possession showing acquiescence in their contents, as proof of some act or reply or statement." Jones, Evidence (2d ed.), § 269.

While such letters are rejected when no more is shown than that they have been written and remain unanswered, they are, nevertheless, admissible when it is shown by some independent evidence, or by the conduct of the party receiving them, that he acted upon them. The act of the party is the material thing. The letters are received only to explain attending facts and circumstances which, being connected up, may afford grounds for a finding that the acts of the party, after their receipt, were inspired by his guilty knowledge. The rule is wholesome and the exception dangerous, but we think the exhibit falls clearly within the exception. Upon the receipt of the letter, appellant returned to Seattle. He acted upon the advice contained therein. He made the letter a guide for his conduct, and he should not now be heard to say that the jury was not entitled to consider all inferences arising from his conduct after its receipt.

Error is assigned in that the trial court overruled appellant's motion for a directed verdict, and in not granting a new trial on the ground of the insufficiency of the evidence to sustain a conviction. It would be useless to detail the testimony. We have read the record with some care and are satisfied that the testimony, if believed by the jury, is ample to sustain the judgment.

Affirmed.

Ellis, C. J., Morris, Main, and Webster, JJ., concur.