JAMES E. J. SCULLY, Respondent, *v.* EMMA SCULLY, Defendant, Impleaded with WALTER T. HAZRICK, Corespondent, Appellant.

Second Department, July 31, 1917.

**Husband and wife — divorce — evidence — letter written by defendant wife to but not received by corespondent not admissible as against him — admissions.**

In an action for a divorce the admission in evidence of a letter written by the defendant wife to but not received by the corespondent, together with extrajudicial admissions by the wife before she was called as a witness establishing her adultery with the corespondent constitute reversible error.

Said letter was evidence against the wife, but not against the corespondent.

APPEAL by the corespondent, Walter T. Hazrick, from a judgment of the Supreme Court in favor of the plaintiff and against the corespondent, entered in the office of the clerk of the county of Kings on the 13th day of December,

1916, upon the decision of the court after a trial at the Kings County Special Term.

*Martin W. Littleton,* for the appellant.

*Jacob L. Holtzmann,* for the respondent.

BLACKMAR, J.:

On the 9th of February, 1916, interlocutory judgment of absolute divorce was entered in this action, founded on an allegation that the defendant committed adultery with one Walter T. Hazrick. On March 24, 1916, Hazrick obtained an order permitting him to come in and defend "insofar as the issues therein affect him," and vacating and setting aside the interlocutory judgment and the decision upon which it was based "insofar as they find and adjudge that Walter T. Hazrick, the corespondent herein, was guilty of the adulteries charged against him in said action." The case came on for trial and the court decided that Hazrick had committed adultery with the defendant, and judgment was entered reinstating said interlocutory judgment with full force and effect as on the day on which the same was entered and for costs, from which the corespondent appeals.

The admissible evidence that the corespondent committed the adultery charged was amply sufficient to sustain the decision; but I think that a new trial must be had for error in receiving over the defendant's objection and exception, evidence which was not admissible as against him. The evidence erroneously received was so cogent and persuasive that its reception was fatal error.

The objectionable evidence was a letter written by the defendant wife to, but not received by, the corespondent, and extra judicial admissions by the wife. As the wife testified directly to the adultery, her admissions might be passed over as immaterial; but the letter was so damaging in character that it cannot be disregarded, especially in view of the fact that the evidence of the wife was impeached by contradictory statements in an affidavit. The situation is peculiar. The letter was evidence against the wife but not against the corespondent. It results, therefore, that the

offense might be fully established by evidence competent as to the wife, and the proof might fail as to the corespondent; and yet they both must be equally guilty or equally innocent. As Chamberlayne said in his work on Evidence: " It thus appears that the rule admits the declaration of a coparty as against himself, but refuses it as against the other even in cases like adultery or other joint offences, civil or criminal where both participants are equally guilty or equally innocent. It may result from the operation of such a rule that one of two or more persons may be found not guilty of an offence of which one of the company is convicted, while it is perfectly clear, as a matter of reason, that all must have been equally guilty. Under the present state of the law, it is difficult to see in what manner this anomaly may best be avoided." (Chamberlayne Mod. Law Ev. § 1317.) In an action like the present, the real question is the guilt of the wife; the corespondent is permitted to appear and defend for the protection of his good name only. His presence should not then prevent proof of the act by evidence competent against the wife, nor is the law of evidence thereby changed so as to render evidence competent which is incompetent as against him by well-settled rules of evidence. It is, perhaps, not wholly absurd to hold the wife guilty of the offense, while the case as to the corespondent is dismissed as not proved by evidence competent as to him. This is recognized in the elaborately reported case of *Robinson* v. *Robinson* (1 Swab. & T. 362), in which, as the evidence consisted of admissions in a diary kept by the wife, which was not competent against the corespondent, the corespondent was dismissed and the action retained as against the wife.

It may be claimed that both the letter and the extra-judicial confession of the wife are competent to corroborate her evidence claimed to be a recent fabrication under the doctrine of *Ferris* v. *Sterling* (214 N. Y. 249) and *People* v. *Katz* (209 id. 311), but this evidence was admitted as direct evidence before the wife was called.

We think the letter so damaging to the corespondent that the judgment should be reversed and a new trial ordered in order that the issue may be decided solely on evidence competent as against him.

The judgment should be reversed and a new trial granted, costs to abide the event.

JENKS, P. J., STAPLETON, RICH and PUTNAM, JJ., concurred.

Judgment reversed and new trial granted, costs to abide the event.