[No. 16321.    Department One.    August 29, 1921.]

THE STATE OF WASHINGTON, *Respondent*, v.
C. E. PAYNE, *Appellant*.[1]

EVIDENCE (79) — SECONDARY EVIDENCE — PHOTOGRAPHIC COPIES. Photographic copies of books and documents are admissible in evidence, where it is shown that the originals are in possession of some third person out of the state and beyond the jurisdiction of the court, who refused to surrender them.

CRIMINAL LAW (138)—EVIDENCE—DECLARATIONS BY THIRD PERSONS—LETTERS WRITTEN TO ACCUSED. A letter addressed to defendant and found in his possession at the time of his arrest is admissible in evidence in a prosecution for criminal syndicalism, where the evidence shows that it was upon the usual letter-head of the I. W. W. organization and was written by the secretary-treasurer of a branch thereof in answer to a letter by defendant.

INSURRECTION—EVIDENCE—SUFFICIENCY TO SUPPORT CONVICTION—I. W. W. MEMBERSHIP. In a prosecution for criminal syndicalism under Laws 1919, p. 518, membership of defendant in the I. W. W. organization was sufficiently established by evidence showing that from August 7, to December 31, 1918, he was a delegate and organizer of Industrial Union 573 of the order; that, from November 1918 to November 22, 1919, he was editor of an official weekly publication of the I. W. W. while at the same time a member of Industrial Union 573; that, on severing his connection as editor of such official organ, he came to this state; and that, when arrested, there was found in his possession much I. W. W. literature, including copies of the preamble and constitution of the order, a supply of membership cards, blanks for application for membership, and other matter tending to show he was still a member on the date mentioned in the information.

Appeal from a judgment of the superior court for Pend Oreille county, Neal, J., entered August 10, 1920, upon a trial and conviction of criminal syndicalism. Affirmed.

*George F. Vanderveer* and *Ralph S. Pierce*, for appellant.

*The Attorney General, O. R. Schumann, Assistant, J. A. Rochford*, and *Sidney W. Rogers*, for respondent.

[1]Reported in 200 Pac. 314.

BRIDGES, J.—The information in this case charged the appellant with the crime of criminal syndicalism, as shown by the laws of the state of Washington. Laws of 1919, p. 518. It charges the commission of the crime on the 23d day of December, 1919, in the county of Pend Oreille, state of Washington. He was convicted and has appealed to this court.

In his brief here he admits that most of the assignments of error have heretofore been disposed of adversely to him in the case of *State v. Hennessy,* 114 Wash. 351, 195 Pac. 211, and subsequent cases out of this court. His argument here only questions the admissibility of certain testimony presented by the state, and whether the testimony was sufficient to authorize the case to be sent to the jury on the question of his membership in the order commonly known as the I. W. W.

The state put in evidence certain photographic copies of a book and certain other papers which had previously been taken by the authorities in the city of Chicago during a raid. These copies were presented through the witness McDonough. It is shown that that witness was a part of the police department of Chicago and, as such, made a raid on the offices of one James Crowley on December 23, 1919, at which time he took from the possession of Crowley the originals of which the photographs in question are supposed to be copies. The testimony shows that, at the time of the raid, Crowley was the secretary of Workers' Union, No 573, of the I. W. W.

The appellant first contends that these photographs were secondary evidence, and that the testimony failed to show that the originals could not have been produced in court. We think this position is untenable. The witness McDonough testified that the original

books and papers were in the possession and under the control of the assistant state's attorney in Cook county, Illinois, and that before starting west to attend this trial, he had tried to obtain the originals to bring with him, but that the assistant state's attorney in Chicago would not surrender them to him because he wanted to use them in a trial soon to be had in that city. This was a sufficient showing of the inability of the state to present the originals.

There appear to be two lines of decisions, one holding that a photographic copy may be introduced if the original is in the possession of some third person, who is out of the state, and that, under such circumstances, it is not necessary to show that an effort was made to obtain the original. The other line of cases is to the effect that it is not sufficient to show alone that the original is in the possession of someone out of the state and beyond the jurisdiction of the court, but that it must also be shown that a reasonable effort has been made to obtain and have at the trial such original. *Federal Chemical Co. v. Jennings,* 112 Miss. 513, 73 South. 567, L. R. A. 1917D 529, and notes; *Burton v. Driggs,* 87 U. S. 125, 22 L. Ed. 299; *Fuller v. Robinson,* 230 Mo. 22, 130 S. W. 343; 17 Cyc. 529. It is unnecessary for us to here determine which line of authorities on this question we will follow, because the testimony in this case was amply sufficient to accord with the views of either or both of those lines of cases.

But appellant claims that the photographs were not admissible because they were not sufficiently identified. Suffice it to say that the witness McDonough amply identified the photographs as being correct copies of the originals.

The state introduced in evidence a letter, dated at Butte, Montana, December 20, 1919, written by the

secretary-treasurer of a branch of the I. W. W. organization, addressed to the appellant and found in his possession at the time of his arrest. He contends that the letter was wrongfully received in evidence against him, on the theory that a defendant cannot be held responsible for the assertions contained in letters which may be written to him. In support of his argument, he quotes from the case of *State v. Roberts,* 95 Wash. 308, 163 Pac. 778, to the effect that:

"It is well established, not only in reason but by authority as well, that letters written by a third party to one who is charged with a crime are not to be taken as an admission against him, but are to be rejected as hearsay."

While the general rule is as stated by us in that case, there are exceptions, one of which was noticed by us in the opinion in that case, for we there said:

"But this rule has a well-defined exception: 'Letters written to a party and received by him may under some circumstances be read in evidence against him, but before they can be received as admissions against him, there must be some evidence besides the mere possession showing acquiescence in their contents, as proof of some act or reply or statement.' Jones, Evidence (2d ed.), § 269."

In the case of *Spies v. People,* 122 Ill. 1, 12 N. E. 865, 17 N. E. 898, 3 Am. St. 320, the rule is laid down as follows:

"In the celebrated trial known as the Anarchist case, it was held that an unanswered letter found in the possession of a defendant may be received in evidence as in the nature of an admission, if, from its terms, it may be gathered that he invited it, or if evidence is adduced that he acted on it."

The letter in question here comes within the recognized exception to the general rule, for it is written on the usual letterhead of the I. W. W. and is an answer

to a letter written by the appellant. It reads in part as follows:

"Received yours of the 18th. I am glad you got safely back among the stumps once more; and I am sure a few weeks. work there will do you a great deal of good. Have not heard from any of the fellow-workers in Seattle since you left here, and if I do get any news will keep you posted. . . . With best wishes, and hoping to hear from you again soon, I remain, Yours for One Big Union . . ."

Lastly, it is contended that the evidence concerning the appellant's membership in the I. W. W. was insufficient to support the verdict. A reading of the testimony convinces us that there was ample evidence for this purpose. The state's testimony tended to show that, from August 7 to December 31, 1918, appellant was a delegate and organizer of Industrial Union, 573, I. W. W.; that, from November, 1918, to November 22, 1919, he was the editor of "The New Solidarity," an official weekly publication of the I. W. W., and that, during such period, he was also a member of Union No. 573. The testimony also tended to show that, during the latter part of November, 1919, the appellant ceased to be the editor of "The New Solidarity" and came at once from Chicago to this state, where he was arrested, and that, when he was arrested, there was found in his possession much I. W. W. literature, a supply of membership cards, blanks for application for membership, many copies of the preamble and constitution of the I. W. W., and much other matter tending to show that, at the time of his arrest, and on the date mentioned in the information, he was still a member of the I. W. W.

We do not find any error, and consequently affirm the judgment.

Parker, C. J., Mackintosh, Holcomb, and Fullerton, JJ., concur.