## No. 13,700.

### PIERCE v. PIERCE.
(48 P. [2d] 1024)

Decided July 22, 1935. Rehearing denied September 9, 1935.

Mr. B. B. McCAY, for plaintiff in error.

Mr. BARNARD CUMMINGS, for defendant in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ON trial of plaintiff in error's complaint for absolute divorce, and defendant in error's cross-complaint for separate maintenance, verdicts favorable to defendant in error were returned. To consistent judgment error is assigned.

Plaintiff in error presents two points: (1) That the court erred in admitting a certain exhibit; (2) that the court erred in refusing to grant a new trial on the ground of newly discovered evidence having to do with the questioned exhibit.

1. The exhibit was a letter from a third party (a woman), addressed to plaintiff in error, but the evidence does not show that the letter reached him or that he responded to it. Defendant in error testified that she received the exhibit through the mail, but did not know at whose instance or under what promptings it was sent to her. Considering the major rift obtaining in the domestic affairs of the parties to the litigation, then being inquired into by a jury, the exhibit was well calculated to militate against plaintiff in error. The record in mind, we think the letter was not admissible. *Wilson v. Mitchell*, 48 Colo. 454, 111 Pac. 21, 30 L. R. A. (N. S.) 507; *Young v. U. S. Bank and Trust Co.*, 27 Colo. App. 331, 148 Pac. 919; *Scully v. Scully*, 179 App. Div. 266, 166 N. Y. S. 464; 10 R. C. L., 1148, §351. In *Cocroft v. Cocroft*, 158 Ga. 714, 124 S. E. 346, where it did not "appear that defendant had ever received or read the letter" offered in evidence, its rejection by the trial court was approved. The Georgia court quoted from *Wilson v. Mitchell, supra*, in support of its holding. In the circumstances, we think the letter was "merely the hearsay statements of a third

person." *Purcell v. Purcell,* 101 Conn. 42, 126 Atl. 353. See, also, *Razor v. Razor,* 149 Ill. 621, 36 N. E. 963; *People v. Colburn,* 105 Cal. 648, 38 Pac. 1105. The objection to the exhibit should have been sustained.

2. Since our holding on the first assignment will necessitate a new trial, there is no occasion to examine the second assignment.

Let the judgment be reversed.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.