HICKMAN, Appellant, vs. WELLAUER and others, Respondents.

*April 11—May 2, 1916.*

*Municipal corporations: Ordinances: Construction: Validity: Regulation of buildings: Location of stables: Excessive penalties.*

1. In sub. (a), sec. 474, art. 39, ch. IV, Milwaukee Code of 1914,—providing that all buildings within the business section "may be occupied or maintained for any purpose whatsoever (if in conformity with all ordinances governing the construction of such buildings),"—the word "construction" relates to the materials which compose such buildings and does not refer in any way to their location.

2. Sec. 338, art. 27, ch. IV, Milwaukee Code of 1914,—prohibiting the construction of stables within fifteen feet of any residence, dwelling, or place of assemblage,—is limited by sub. (a), sec. 474, above mentioned, and does not apply to the business section. [Whether sec. 338 is valid as applied to the residence district or the territory outside of the business section, not determined.]

[3. Under sec. 543, art. 46, ch. IV, Milwaukee Code of 1914, any violation of ch. IV is punishable by a fine of not less than $10 nor more than $200, and it is provided that each day of continued violation shall constitute a separate offense, but that the accumulated penalties recoverable in any one action shall not exceed $2,000. Whether such clause relating to penalties for continuing offenses is void on the ground that the accumulative penalty is excessive, and whether, if void, it is separable from the remainder of the section, not decided.]

APPEAL from an order of the circuit court for Milwaukee county: ORREN T. WILLIAMS, Circuit Judge. *Affirmed.*

Action to restrain defendant *Wellauer* from erecting a stable within the business section of the city of Milwaukee. The facts are these: Plaintiff owns a lot upon which is situated a three-story brick building used as a hotel and restaurant. The defendant *Wellauer* owns the premises adjoining. In September, 1915, *Hartman,* a contractor under *Wellauer,* commenced excavating on *Wellauer's* premises preparatory to erecting a building thereon. The excavation resulted in

disturbing the lateral support of plaintiff's premises. Plaintiff brought an action to restrain further excavation. *Wellauer* denied the claims of the plaintiff, and upon a hearing on an order requiring the defendants to show cause why a temporary injunction should not be continued the defendant *Wellauer* gave an indemnifying bond in the sum of $20,000 and the injunction was dissolved. The plaintiff thereafter and, as he claims, for the first time learned that the building was being erected as a stable under a building permit issued by the defendant *Harper* as inspector of buildings for the city of Milwaukee, and brought this action against *Wellauer* as owner, *Hartman* as contractor, and *Harper* as inspector to compel the defendants *Wellauer* and *Hartman* to surrender the permit issued for the erection of the building and to compel *Harper* as building inspector to revoke the permit issued by him. Plaintiff moved for a temporary injunction, and from the order denying this motion he brings this appeal.

*Chas. E. Canright,* attorney, and *Herbert J. Piper,* of counsel, for the appellant.

For the respondents *Wellauer* and *Hartman* there was a brief by *Hoyt & Goff,* and oral argument by *Guy D. Goff.*

For the respondent *Harper* as inspector of buildings there was a brief by *Daniel W. Hoan,* city attorney, and *Charles W. Babcock,* assistant city attorney, and oral argument by *Mr. Babcock.*

ROSENBERRY, J. Plaintiff claims that the permit was issued contrary to the provisions of ch. IV of the Milwaukee Code of 1914 relating to buildings. Ch. IV is entitled "Buildings" and is divided into thirty-nine articles, composed of secs. 27 to 543, both inclusive.

Art. 27 is entitled "Stables and structures for animals." Sec. 338 reads as follows:

"No person, firm or corporation shall construct or establish any stable or structure, to be used for the keeping or

housing of domestic animals, at a less distance than fifteen feet from any residence, dwelling or place of assemblage.

"The floor of all stables or rooms used for such purposes shall be made of material impervious to water and shall be drained by connecting with the city sewer."

Other articles are headed "Sheds," "Garages," "Tenement houses," "Theaters and public halls," "Dry cleaning establishments," etc. Following this is art. 39, entitled "Business section and fire district," of which the following is a part:

*"Business section; fire district.*

"Section 472. All that part of the city of Milwaukee embraced within the following limits shall hereafter be known as the business section and fire district.

*"Slaughter houses, rendering plants and rag shops not permitted in city limits.*

"Section 473. Slaughter houses, rendering plants and rag shops shall not be permitted to be erected or maintained within the limits of the city of Milwaukee.

*"Building restrictions in business section.*

"Section 474. The term 'business section' as used herein shall mean;

"(a) That all buildings within this section or portion of the city being within the described boundaries may be occupied or maintained for any purpose whatsoever (if in conformity with all ordinances governing the construction of such building).

"(c) Nothing herein contained shall prohibit the erection of residences within this business section, providing the erection of such residences conforms to the requirements for building within the fire district.

"(d) Livery, boarding or sales stables, gas houses, gas reservoirs or holders, paint, oil or varnish works, salesroom or storage room for automobiles or garages for the keeping of automobiles for hire may be built within that portion of the city not set aside for business purposes, providing that the person, firm or corporation desiring to build, remodel or maintain such building for the purpose of a livery, boarding or sales stable, gas house, gas reservoir or holder, paint, oil or varnish works, salesroom or storage room for automobiles or garage for the keeping of automobiles for hire shall first

obtain the written consent of two thirds of all real-estate own-
ers within three hundred feet of the space occupied by the
business proposed to be maintained.

. . . . . . . . . . . . . . . .

"(f) Nothing herein contained shall prohibit the erection
or occupancy of a building used for business purposes out-
side of the within described section excepting as heretofore
mentioned. .

"(g) Any building erected, constructed, remodeled or
maintained within the city limits as livery, boarding or sales
stables, gas house, gas reservoir or holder, paint, oil or varnish
works, salesroom or storage room for automobiles, or garage
for the keeping of automobiles for hire must be constructed,
erected or remodeled the same as a building within the fire
district."

It is admitted that the place in question is within the busi-
ness district.

Appellant contends that the erection of the building in
question is forbidden by sec. 338 set out above. Respond-
ents contend that sec. 338 is limited by sub. (a) of sec. 474
as set out above, and therefore that sec. 338 does not apply
to the business section.

Whether the contention of respondents is correct or not de-
pends upon the meaning of the word "construction" as used
in sub. (a) of sec. 474. The city officials of the city of Mil-
waukee have construed the ordinance in accordance with the
contention of the respondents, and after a careful examina-
tion of the ordinance we are of the opinion that the meaning
given to the word "construction" by the city officials of Mil-
waukee is correct. Among other things which indicate this
is the effect given to the word in sec. 475.

"Section 475. The term 'fire district' as used herein shall
mean—          .          •

"That buildings hereafter erected or remodeled within
the fire district herein described shall be erected or con-
structed as follows, when in conformity with the provisions
of the city ordinances :"

Then follow five subdivisions, all relating to the material

of which the building shall be made, and none relating to its location with reference to streets or other buildings.

In art. 2 of ch. IV, entitled "Terms in building ordinances defined," the terms "fireproof construction," "mill construction," and "ordinary construction" are defined, and in each instance the definition relates wholly to the materials which compose buildings of certain classes, and in none of them is the word "construction" used as referring in any way to location. While in ordinary conversation the verb "to construct" may be and sometimes is used to refer to location, as that a building is not constructed in accordance with the provisions of law, meaning that it is not located as required by law, nevertheless we are of the opinion that, as used in sec. 474, "construction" should be given the same meaning it has in other parts of the ordinance, and especially so as this is its true meaning. It is defined as follows: "The process or art of construction; the act of building; the act of devising and forming; fabrication; composition." Webster.

If it was intended that sec. 338 should apply to that part of the city embraced in the business district, that part of the ordinance providing for the erection of livery, boarding, and sales stables in that portion of the city not included in the business district would be inconsistent, in that it would permit the erection of the more objectionable classes of stables in the residence district and would entirely prohibit their erection in the business district. We therefore hold that sec. 338 does not apply to buildings for stables in the business section.

Whether or not sec. 338 is valid as applied to the residence district or the territory outside of the business section is not argued or presented here and is not determined.

The section providing a penalty for violation of ch. IV is as follows:

"Section 543. Any person, firm, company or corporation owning, controlling or managing any building or premises wherein or whereon there shall be placed or there exists any-

thing in violation of any of the sections of this chapter; or any person, firm, company or corporation who shall assist in the commission of any violation of these sections; or who shall build contrary to the plans or specifications submitted to and approved by the building inspector; or any person, firm, company or corporation who shall omit, neglect or refuse to do any act required in said sections shall, except where a special penalty is provided, be subject to a fine of not less than ten dollars nor more than two hundred dollars, together with the costs of the action, and in default of payment thereof, to imprisonment in the house of correction for a period of not less than one day nor more than six months, or until such fine and costs shall be paid; *and every such person, firm, company or corporation shall be deemed guilty of a separate offense for each day such violation, disobedience, omission, neglect or refusal shall continue; provided, however, that said accumulated penalties recoverable in any one action shall not exceed the sum of two thousand dollars.*"

We are asked to declare the ordinance void on the ground that the penalty is excessive under the rule laid down in the case of *Bonnett v. Vallier,* 136 Wis. 193, 116 N. W. 885. The part particularly objected to is here printed in italics: This we decline to do for two reasons: (1) No penalties are sought to be recovered in this case. (2) The clause relating to penalties for continuing offenses, even if the penalty should be held excessive, may be separable from the remainder of the section, questions which we suggest but do not decide, as they are not before us. *U. S. ex rel. Att'y Gen. v. Delaware & H. Co.* 213 U. S. 366, 417, 29 Sup. Ct. 527; *Grenada L. Co. v. Mississippi,* 217 U. S. 433, 443, 30 Sup. Ct. 535. The order of the trial court is therefore correct.

*By the Court.*—Order affirmed.