Fowler, J.
 

 The case is a taxpayer’s action. The complaint contains three causes of action stated separately. The first seeks to- enjoin the secretary of state from approving salary vouchers to a printer employed by the board of regents of the state university for operating a printing press bought by a department of the university and of a voucher for supplies bought to be used in operation of the press. The second seeks an injunction against allowing a- salary voucher to a printer employed by the college of agriculture of the university to- operate another printing press and a voucher for supplies used in its operation. The ground laid .for the injunctions is that the state constitution requires that all state printing be let to the lowest bidder. The third cause of action seeks a declaratory judgment interpreting the constitutional provision above referred to, sec. 25, art. IV, and of ch. 35 of the Wisconsin statutes, violation of which is also charged as a ground for injunctional relief.
 

 The circuit court granted an injunction upon the first cause of action and dismissed the complaint as to the other two. The judgment was granted upon the motion of the plaintiff for judgment on the pleadings.
 

 The defendants interpose procedural objections which will be disposed of before considering the case on the merits.
 

 The defendants claim that the complaint is insufficient for the reason, as stated by -the trial judge, that “an action to enjoin state officers can only be brought by the attorney general, or on his refusal to act on request by an individual who is threatened with substantial loss.” The answer alleges and the motion of the plaintiff as a demurrer admits that no such request was made.
 

 
 *419
 
 The rule invoked does not go to the existence of a cause of action but only to the right of the plaintiff to bring it. That no request was made did not affect the jurisdiction of the court to entertain and decide the action. The court might, perhaps, have rightly refused to entertain the action because of absence of the request but was not without jurisdiction to hear and determine it. The state officers, and therefore the state, were represented by able counsel appointed by the governor under sec. 14.13, Stats., to defend the action on the ground that the attorney general, by reason of his previously given opinion, was disqualified from representing them, and other able counsel appeared by appointment of the university regents to represent the board. Had the attorney general brought the action in the name of the state the governor would have appointed counsel to defend the secretary of state and had the attorney general refused to bring it the governor would have made such appointment for the reason that he did make it. Both sides of the case have been ably and fully argued and the state’s interests have been as well protected as they could have been had the course claimed by the defendants as essential been followed. We do not ignore the authorities relied on by the defendants upon this point. They are the
 
 Income Tax Cases,
 
 148 Wis. 456, 134 N. W. 673, 135 N. W. 164, and
 
 Milwaukee Horse & Cow Comm. Co. v. Hill,
 
 207 Wis. 420, 241 N. W. 364. But it is to be noted that the rule here invoked applied to the latter case as well as in taxpayers’ actions. By that rule the circuit court in that case should have sustained the demurrer to the complaint upon the ground that the action was improperly broug’ht by a private person. It did not do so, but decided it upon the ground that assuming the action was properly brought, the facts stated did not constitute a cause of action and this court affirmed the decision on that ground. The effect of both decisions plainly is to hold that the court there and here had jurisdiction to decide the case on the merits
 
 *420
 
 even though there was no allegation in the complaint of application to and refusal of the attorney general to bring the action.
 

 (2) The defendants also claim that a taxpayer’s action does not lie unless the individual taxpayer plaintiff sustains substantial as distinguished from trivial loss if the expenditures involved be not enjoined. This is not tenable. It is injury to taxpayers as a class that is involved in the action and that loss in the instant case is substantial if the expenditures are illegal. The expenditures if they are illegal are continuing and in time would necessarily be of substantial amount. The point the defendants raise here is rather that the action does not lie where no loss to the taxpayer is involved and that the answer alleges that tile expense to the taxpayers is less under the practice involved than it would be if the printing were let to the lowest bidder. We consider that whether the cost would be greater were the printing to be let by contract is immaterial.
 
 Victora v. Muscoda,
 
 228 Wis. 455, 461, 279 N. W. 663. In case of an illegal contract, the amount to be expended under the contract is the amount that controls, not the difference between that amount and the amount that would be expended under a legal contract.
 
 Mueller v. Eau Claire County,
 
 108 Wis. 304, 312, 84 N. W. 430. So here, the amount that controls is the amount that is to be expended under the existing practice. See also
 
 Chippewa Bridge Co. v. Durand,
 
 122 Wis. 85, 99 N. W. 603. There are statements in
 
 Ebert v. Langlade County,
 
 107 Wis. 569, 83 N. W. 942, and
 
 Baumgartner v. Milwaukee,
 
 168 Wis. 641, 171 N. W. 667, that seem in conflict with the case of
 
 Mueller v. Eau Claire County, supra.
 
 But these do not involve contracts or practices involving continuing expenditures.
 

 A statement in
 
 Goodland v. Zimmerman,
 
 243 Wis. 459, 10 N. W. (2d) 180, is also cited by defendants in support of •their contention that an expenditure of $1 for publication of
 
 *421
 
 an act passed by the legislature is insufficient to support a taxpayer’s action and it is suggested that this indicates an intention by this court to overrule the
 
 Mueller Case, supra.
 
 Whatever the statement may be taken to indicate as to actions involving nothing but trivial amounts for publication of a mere notice, it certainly was not intended to overrule the
 
 Mueller
 
 or
 
 Chippewa Bridge Co.
 
 or
 
 Victora Cases, supra,
 
 or to indicate anything as to expenditures under an illegal contract or under continuing illegal practices.
 
 McClutchey v. Milwaukee County,
 
 239 Wis. 139, 300 N. W. 224, 300 N. W. 917, is also cited in support of the proposition that in case of no loss there is no taxpayer’s action. However, in that case there could not be any loss whatever, as the same salary expenditure would necessarily have been made to another had it not been made to the then instant employee who was entitled to his salary as a
 
 de facto
 
 appointee whether a legal appointee or not.
 

 The case was disposed of on the merits by the court below on the theory that sec. 25, art. IV, of the state constitution prohibits the state from doing any state printing. The briefs here are devoted almost entirely to that question as was the argument. If the appellants are correct in their contention that sec. 25 does not prohibit state printing the section is not self-executing. It cannot operate to permit printing by the state until the legislature provides therefor by statute. There is no statute so providing. The constitutional question is therefore not before us and cannot properly be discussed by us, much less decided. A constitutional question will not be decided until it is brought directly in issue by the facts involved in the instant case. In
 
 State ex rel. Rosenhein v. Frear
 
 (1909), 138 Wis. 173, 176, 119 N. W. 894, it is said: “Sound judicial policy precludes the court from considering the question of the constitutionality of a legislative act unless a decision respecting its validity is essential to the determination of some controversy calling for judicial solution.” See also
 
 *422
 

 State ex rel. Ford Hopkins Co. v. Mayor
 
 (1937), 226 Wis. 215, 228, 276 N. W.
 
 311; John F. Jelke Co. v. Beck
 
 (1932), 208 Wis. 650, 660, 242 N. W. 576;
 
 Hickman v. Wellauer
 
 (1916), 163 Wis. 160, 165, 157 N. W. 767.
 

 The cases above cited dealt with statutes enacted by the legislature. But if constitutional questions arising under statutes cannot be considered until facts are presented directly bringing them in issue, with equal or greater reason they cannot be considered in absence of a statute presenting them.
 

 Thus the only question for our consideration is whether existing statutes authorize approval by the secretary of state of the two classes of vouchers presented to him for approval, those for salaries of the printers operating the two printing presses, and those for supplies used in the operation of the presses. The answer admits the purchase of and use of the two presses as alleged in the complaint and admits that they are printing presses.
 

 The legislature by ch. 35, Stats., has provided explicitly and meticulously for every kind of printing required by the state. Sec. 35.33, Stats., provides for state university printing. All but job work is to be procured to be done by the state printer upon order of the director of purchases. Sec. 35.34 covers job printing. The printing done by the presses herein involved is job printing. Job printing may be procured for the university when it “does not interfere with the multi-graph, multicolor, and mimeograph operation in the . . . University of Wisconsin.” Such job printing as is doiie by the university is to be procured to be done by the state printer. The obvious meaning of this section is that such manuscripts may be procured to be duplicated by printing presses as may not be duplicated by the multigraph, multicolor, or mimeograph machines in. the university, and that when this required duplication cannot be reproduced by these machines with reasonable efficiency the state printer shall procure them to be
 
 *423
 
 reproduced by job printing. Secs. 35.33 and 35.34, so far as here material, are set out in the margin.
 
 [1]
 
 The pleadings disclose that the printing done by the two machines here involved was not procured to be done by the state printer and therefore was not lawfully done. It should be noted that “state printers” is defined by sec. 35.02 (2) as “persons under contract to do public printing.” Contracts for such printing are let to the lowest bidder pursuant to secs. 35.145 and, 35.45 to 35.51.
 

 The answer to the second cause of action alleges that the college of agriculture of the University of Wisconsin has received various grants from the federal government for the purpose of aiding education, research, and extension work done by said college and that for the fulfilling of the purposes of said grants the use of the press referred to in said cause of action is necessary and convenient, and that without its use the work required by said grants could not be practically carried on.
 

 The answer to the third cause of action alleges that large, sums of money have been granted by, the federal government to the University of Wisconsin; the experimental station, and the college of agriculture, some for instructional purposes, some for research, and some for extension work. The press involved in the first cause of action is alleged to be used in the extension division of the university and the other press is alleged to be used in the federally supported work of the university.
 

 
 *424
 
 These allegations as to federal funds aré presented in two aspects: (1) They are claimed to exclude the plaintiff from bringing a taxpayer’s action, because the money expended is not raised by taxation, and (2) as the money is granted by the United States government it is not for the legislature of the state to say that none of it can be used to- pay for printing and supplies necessary or convenient in carrying out the purposes of the grant.
 

 As to (1),
 
 Estate of Cole,
 
 102 Wis. 1, 78 N. W. 402, is to the point that although real estate is donated to a public corporation to be devoted to a public purpose, a taxpayer may take action in the public interest to protect the property from being illegally administered. No reason is perceived why the rule does not as well apply to the expenditure of funds donated as to misuse of donated real estate; or why it may not as well apply to the instant action as to an action against a municipality.
 

 As to (2), whether the funds be granted to the board of regents, or to the university, or to- the state as grantee, the state in any case becomes the owner of the fund as both the board of regents and the university are agencies of the state to whom the administration of state functions is intrusted. The fund is paid into the general fund of -the state and is drawn therefrom upon requisition of the board, and when a requisition is made for payment for services rendered or supplies furnished in course of operations conducted contrary to the statutes of the state, payment may be enjoined in protection of the public interest. This general statement seems to cover the matter sufficiently and no need appears to discuss the particular grants mentioned in the answer. Whether the printing required in administering the funds granted is done directly by the state agencies or procured to be done by the letting of. contracts, is no concern of the federal government or its officers or departments. Being intrusted with administration of the funds, the board of regents and the university
 
 *425
 
 must administer it in the method prescribed by the statutes, and if the statutes applying do not permit administration in the most convenient and economic or effective way, the administrating agencies must secure statutory authorization before administering it in any other way. Any course of administration contrary to the prescribed course of procedure is illegal, and because it is illegal the public, and a taxpayer acting in the interest of the public, is entitled to take action as was here taken.
 

 The plaintiff has moved for review of the dismissal by the circuit court of the second and third causes of action set forth in the complaint. The dismissal of the third cause of action will be affirmed. So far as the judgment dismisses the second cause of action it will be reversed, with direction to enter judgment as upon the first cause of action.
 

 By the Court.
 
 — -The judgment of the circuit court entered upon the first and third causes of action set forth in the complaint is affirmed; the judgment as to the second cause of action is reversed upon the plaintiff’s motion for review, and the circuit court is directed to vacate its judgment of dismissal and enter j udgment as upon the first cause o f action. No costs are awarded against either party, but appellant will pay the taxable fees of the clerk of court.
 

 [1]
 

 35.33 “. . . The director of purchases shall order the state printer to do all . . . printing, exclusive of job work, which is required for the use of said university. . . .”
 

 35.34 “Job printing includes . . . and such other printing ... as may be permitted or required by law and necessary for the use of the University of Wisconsin . . . where it does not interfere’ with the multigraph, multicolor, and mimeograph operation in the . . . University of Wisconsin. . . . -The director of purchases shall order all such printing ... to be done by the state printer. . . .”