WAYNE F. MCGOWN, Deputy Secretary, Department of Administration
On behalf of the Wisconsin Council on Printing, created by sec.15.107 (3), Stats., which has the duty under sec. 15.09 (5), Stats., to advise the Department of Administration on state printing matters, you request my opinion whether the Department has authority to provide camera-ready copy of session laws to a private corporation.
You advise that the computer-assisted composition unit of the State Printing Section has the ability to accept a variety of copy inputs and, through an automated text editing program, produce camera-ready copy. The material involved is already on the computer. The Department would use the same format as would be used for the production of public documents. The service to West Publishing Company would consist solely of a pass-through of material already on the computer tape to produce the hard copy on photosensitive paper. The Department proposes to charge the corporation the full cost of services at the same rates charged state agencies for similar service. The corporation would use the camera-ready copy in the production of West's Wisconsin Legislative Service and would effect a savings of rekeyboarding and proofreading.
A pass-through would consist of resetting levers or keys on the machine, so that the camera-ready "copy" would be in a format desired by West Publishing Company, and pressing the button which activates the machine. I am advised that the only hard copy (end product) which the unit produces is camera-ready "copy" on photosensitive paper. It will not reproduce material stored on computer tape on film. Camera-ready "copy" is text material in a form which can be photographed and stored on film which is used in the printing process.
This opinion assumes that the state has authority to have the computer-assisted composition unit and that the unit itself is not used for the purpose of printing of materials included within Art. IV, sec. 25, Wis. Const., which are required to be let by contract to the lowest bidder. See 1910 OAG 777; 1912 OAG 128, 130; 1912 OAG 914; 6 OAG 54 (1917); 23 OAG 106 (1934); 31 OAG 60 (1942); 32 OAG 95 (1943); Sholes v. The State (1850), 2 Pin. 499, 2 Chand. 182; *Page 304 Democrat Printing Co. v. Zimmerman (1944), 245 Wis. 406,14 N.W.2d 428.
I do not view the constitutional provision or those opinions or cases as prohibiting the state from operating a machine which produces copy ready for a contract printer.
In 59 OAG 145 (1970), it was stated that sec. 16.74, Stats., would permit the sale of computer programs as surplus provided that they were not created for resale purposes and that such programs were public records within the meaning of sec. 19.21
(1), Stats., and could be inspected and copied. The opinion stated that sec. 19.21 (2), Stats., would enable the custodian to copy and charge reasonable copying costs.
The corporation could receive copies of the session laws under sec. 35.87 or 35.91, Stats. It wants something more. The computer tapes themselves are public records within the meaning of secs. 16.80 (1) (a) and 19.21 (1), Stats., and are subject to inspection and copying. The camera-ready copy the state produces for its own use or for contract printers is also a public record, subject to inspection and copying. I am informed, however, that camera-ready copy cannot be copied so as to provide another camera-ready copy, but that the computer tape must be run through the unit again to produce another useable camera-ready copy on photosensitive paper. State public funds may be expended only for a state public purpose. State ex rel. Larson v. Giessel (1954),266 Wis. 547, 64 N.W.2d 421.
I do not view sec. 16.74, Stats., as authorizing sale of camera-ready copy since it cannot, under the circumstances, be viewed as surplus. I am of the opinion, however, that under the rationale of 59 OAG 145 (1970), that sec. 19.21 (2), Stats., would permit the Department to furnish a copy of the printout of the computerized composition unit, and since the unit will produce nothing else than camera-ready copy on photosensitive paper, such copy may be furnished to the private corporation at reasonable charge if the extra expense of personnel and material is minimal. It is my further opinion that the Department does not have authority to contract on a continuing basis for the furnishing of camera-ready copies. The primary purpose of sec.19.21 (1), (2), Stats., is to enable the public to discover what is in public records. *Page 305 
RWW:RJV