CARSON et ux. v. THREE STATES LUMBER CO.

(Circuit Court, W. D. Tennessee, W. D. January 6, 1906.)

No. 3,795.

JUDGMENT—RES JUDICATA—OPINION AS EVIDENCE OF ISSUES DETERMINED.

On demurrer to a declaration, in an action in a federal court, which sets out the pleadings and the final decree and opinion of the Supreme Court of the state in a suit in the state courts between the same parties and involving the same subject-matter, the opinion of the Supreme Court may be looked to for the purpose of determining the issues decided by its decree, where not disclosed by the decree itself, and the decree will be given effect as an adjudication in accordance with such opinion.

At Law. On demurrer to declaration.

Pierson & Pierson, for plaintiffs.

W. A. Percy, for defendent.

McCALL, District Judge. This case is heard upon demurrer. The declaration is very full. Its allegations and exhibits set out all the pleadings and proceedings in the state court, together with the decree and opinion of the Supreme Court of Tennessee in a case wherein the subject-matter and the parties were the same as in this case. The decree of the state Supreme Court merely recites that the decree of the lower court was reversed, and that complainant's bill was dismissed, with costs.

The declaration is demurred to upon the ground that this decision of the Supreme Court of Tennessee is a complete adjudication between the parties to this suit of the facts set out in the declaration. Nothing can be learned from the face of this formal decree, except that the holding of the lower court was reversed and the bill dismissed. It gives no information as to what the issues were, or what was decided in that case.

The question then arises, can the opinion of the Supreme Court, properly authenticated, be looked to and considered by this court, in connection with the decree in that case, to ascertain what was intended to be, and what was by that court, decided? I answer in the affirmative. In Fowlkes v. State, 82 Tenn. 14, it is held:

"Even if the presumption as stated by the referees leave the matter in doubt, this court may look to the opinion of the court there delivered, which is also a record, to clear up that doubt."

In State v. Bank of Commerce, 96 Tenn. 591, 36 S. W. 719, the court says:

"Was the liability of the capital stock to general taxation by this court at the last term adjudicated? The decree is silent on the subject, but the opinion is full and clear. No one can read the opinion without understanding that this was one of the leading questions debated, considered, and by the court decided. * * * Upon authority, we think it clear that we may look to the opinion in connection with the decree to ascertain what was intended to be, and what was by the court, decided."

But we are not left to the decisions of the state courts to sustain the position assumed. The United States Supreme Court has decided that on error to a state court the opinion, when properly certified or authenticated, may be examined to ascertain what was decided in the case. Enc. Pl. & Prac. vol. 15, p. 314 (Thompson's); Murdock v. Memphis, 87 U. S. 633, 22 L. Ed. 429; Gross v. U. S. Mortgage Co., 108 U. S. 477, 2 Sup. Ct. 940, 27 L. Ed. 795; In re Sanford Fork & Tool Co., 160 U. S. 256, 16 Sup. Ct. 291, 40 L. Ed. 414.

From an examination of the decree of the state Supreme Court, in connection with the record and opinion in that case, as set out in the declaration and exhibits thereto, it clearly appears that the ownership of the timber, the value of which is sued for here, was adjudged, at the date of bringing the suit, to be with defendants in that case, who are also defendants here. It further appears that the deeds, executed by the complainants to the defendants, for the timber now sued for,

were silent as to the time within which it was to be cut and removed; and it was alleged in the bill and denied in the answer that eight years would be a reasonable time within which to cut and remove the timber, and the court was asked to fix a time for the removal of the timber, if it found that eight years was not such reasonable time. The Supreme Court of Tennessee, upon the pleadings and proof in that case, decided that 10 years from the date of the sale and purchase, excluding the period in which the injunction was in force, would be a reasonable time within which said timber should be cut and removed.

I am, therefore, of the opinion that the decree was a final adjudication of the length of time in which the title to the timber, the value of which is sued for, should be and remain with the defendants under their deeds, and so adjudge. Brewster v. Galloway, 4 Lea, 567, and cases cited. Railway Co. v. Mahoney, 89 Tenn. 311, 15 S. W. 652.

It appearing that the defendants removed the timber within the time allowed by the state Supreme Court, it follows that the subject-matter of this litigation has been finally adjudicated between the parties, that the plaintiffs here have no right of action against the defendants, and that the demurrer should be sustained.

It is so ordered.