EDWARD HINMAN, JR., as Substituted Trustee of and under the Last Will and Testament of WILLIAM BEARD, Deceased, Respondent, v. MORAN TOWING & TRANSPORTATION COMPANY, INC., Respondent, and JOHN SHOOKS, Defendant, Impleaded with NAVIGAZIONE LIBERA TRIESTINA, Appellant.— Appeal, in so far as it is taken from the court's denial of defendant Navigazione Libera Triestina's

motion to dismiss the complaint as against it, and from the court's refusal to direct a verdict in favor of said defendant, dismissed; in so far as it is from the judgment, the judgment is reversed on the law and the facts and a new trial granted, with costs to abide the event, on the following grounds: (1) Verdict was against the weight of the evidence; (2) it was error to exclude the log book (Defendant's Exhibit for Identification CC). Plaintiff had stipulated with defendant ship that such exhibit should be admitted in evidence. It was offered in evidence as against defendant ship after defendant ship had rested. It was not excluded for that reason, but on the erroneous theory that, if properly excluded as to one defendant, it must be excluded as to the others. (*Robins D. D. & R. Co.* v. *Navigazione L. Triestina*, 261 N. Y. 455.) While it may have been accumulative proof, it may at the same time have been effective, since it was a record made directly after the collision, while the captain's deposition was taken several years after the event; (3) the charge of the trial court did not make clear to the jury the duty of the ship while a compulsory pilot was in charge and the tug *Alice Moran* was assisting in the maneuvers of the ship. Where a compulsory pilot is in charge of a ship, the master being required to permit him to navigate it, if the master observes that the pilot is incompetent or physically incapable, then it is the duty of the master to refuse to permit the pilot to act. But if no such reasons are present, then the master is justified in relying upon the pilot, but not blindly. Under the circumstances of this case, if a situation arose where the master, exercising that reasonable vigilance which the master of a ship should exercise, observed, or should have observed, that the pilot was so navigating the vessel that she was going, or was likely to go, into danger, and there was in the exercise of reasonable care and vigilance an opportunity for the master to intervene so as to save the ship from danger, the master should have acted accordingly. Of course, where danger is suddenly sensed, too late for action by the master, the master's failure to act cannot be charged against the ship. Whether a particular situation calls for action rests in sound judgment, for on some occasions to interfere might be more dangerous than non-interference, or there might be justifiable expectation that the pilot, through his own capacity and superior skill and knowledge, would be able to draw the ship away from the danger zone. These are questions of fact for a jury. (*Robins Dry Dock & Repair Co.* v. *Navigazione Libera Triestina*, 11 A. M. C. 1741 [1931], per UNTERMYER, J.; *Robins Dry Dock & Repair Co.* v. *Navigazione Libera Triestina*, 32 F. [2d] 209; MacLachlan's Law of Merchant Shipping [6th ed.], 210; *Dampskibsselskabet Atalanta A/S* v. *United States*, 31 F. [2d] 961; *The Oregon*, 158 U. S. 186; *The China*, 74 id. 53; *Jure* v. *United Fruit Co.*, 6 F. [2d] 6; *Charente S. S. Co.* v. *United States*, 12 id. 412.) The complaint alleges that the tug *Alice Moran* was under the control of the defendant Moran Towing and Transportation Company, Inc. She was, however, subject to the orders of the pilot and required to operate in the usual and customary manner in such maneuvers. Negligence on the part of the *Alice Moran* would not be chargeable against the ship, unless the maneuvers of the *Alice Moran*, whether on her own initiative or through the orders of the pilot, were such as called upon the captain to act, as in the case of the pilot's fault as above indicated. Lazansky, P. J., Kapper, Tompkins and Davis, JJ., concur; Carswell, J., concurs upon the grounds stated except on the weight of the evidence.