**ST. JOHN et al. v. WISCONSIN EMPLOYMENT RELATIONS BOARD et al.**

Civ. No. 4844.

United States District Court,
E. D. Wisconsin.

April 28, 1950.

Max Raskin, Milwaukee, Wis., for plaintiffs.

Thomas E. Fairchild, Attorney General of Wisconsin, Attorney for State Official Defendants.

Miller, Mack & Fairchild, Milwaukee, Wis., by J. G. Hardgrove and Vernon A. Swanson, Milwaukee, Wis., Attorneys for defendant Milwaukee Gas Light Co.

Padway, Goldberg & Previant and Shaw, Muskat & Paulsen, Milwaukee, Wis., amicus curiae.

Before DUFFY, Circuit Judge, and STONE and TEHAN, District Judges.

DUFFY, Circuit Judge.

Plaintiffs bring this action individually and as officers of Local 18, United Gas, Coke and Chemical Workers (CIO) (hereinafter called the "union"), upon behalf of all the union members who are employees of the corporate defendant. Plaintiffs seek a permanent injunction enjoining and restraining the enforcement of subchapter 3 of Chap. 111, Wis.Stats. of 1947,[1] sometimes referred to as the Public Utility Anti-Strike Law.[2] They also seek a declaratory judgment that said subchapter of the statutes is invalid. Defendants Gooding, Fitzgibbons and Rule are the individual commissioners comprising the Wisconsin Employment Relations Board. Defendant Fairchild is the Attorney General for the State of Wisconsin. The corporate defendant (hereinafter called the "company") is a public utility under Wisconsin law, and is the employer of approximately 770 men who are members of the union. The company's utility service is rendered in an area entirely within the State of Wisconsin; however it purchases a substantial portion of its supplies and materials outside the State, and it furnishes gas to manufacturing concerns that produce goods for interstate commerce.

Commencing in June, 1937, and annually thereafter including June, 1948, the union and the company entered into collective bargaining agreements. On August 1, 1943, the union was certified by the National Labor Relations Board as the exclusive bargaining representative for the employees of the company. The most recent contract expired on June 1, 1949.

In September, 1949, the union filed a petition with the National Labor Relations Board, charging that the company was guilty of an unfair labor practice by refus-

---

1. The Wis.Stats. designate this section as subchapter III of Chap. 111. To avoid confusion we shall refer to this section as subchapter 3 of Chap. 111.

2. Subchapter 3 of Chap. 111 contains a legislative declaration of policy that "the interruption of public utility service results in damage and injury to the public wholly apart from the effect upon the parties immediately concerned and creates an emergency justifying action which adequately protects the general welfare." It also imposes upon employers and employees the duty of reaching agreements on wages and working conditions through collective bargaining. It authorizes the Wisconsin Employment Relations Board to appoint a conciliator when the bargaining process reaches a stalemate. Sec. 111.54, and, where interruption of essential service is likely, authorizes the Wisconsin Employment Relations Board to appoint arbitrators, Sec. 111.55. The award of the arbitrators, subject to judicial review is final and endures for one year, Secs. 111.59 and 111.60. Strikes are forbidden and are made a misdemeanor, Sec. 111.62. The Wisconsin Employment Relations Board is made responsible for the enforcement of the subchapter and is authorized to compel compliance by commencing an action in a circuit court.

ing to bargain with the union. The National Labor Relations Board did not take any action on this complaint. Thereafter the union and the company did engage in collective bargaining covering wages, pensions and other conditions of employment, but no agreement was reached. The Wisconsin Employment Relations Board then appointed a conciliator whose efforts to bring the union and the company into agreement were unsuccessful. On October 3, 1949, the Wisconsin Employment Relations Board issued an order listing five names as a panel of arbitrators, and ordering the union and the company each to strike one name therefrom, pursuant to provisions of Sec. 111.55, Wis. Stats. The remaining three were to act as arbitrators. On October 4, 1949, the plaintiffs and other employees, acting in concert and in agreement, left their employment and started picketing the premises of the company.

On October 6, 1949, the union and the company agreed upon wages, hours, and other conditions of employment but did not agree upon the terms and conditions of the pension plan. The Wisconsin Employment Relations Board and the Attorney General, so the complaint herein alleges, threatened to compel the plaintiffs to submit the unresolved issues of pensions to arbitrators.

On October 13, 1949, in an action commenced in the Circuit Court of Milwaukee County, wherein the Wisconsin Employment Relations Board was plaintiff, the plaintiffs herein were enjoined from calling a strike, or going out on strike, or causing an interruption in the service of the company. It was further ordered that certain of the officers of the union notify all employees who had been called out on strike to resume their employment. This order was issued pursuant to subchapter 3 of Chap. 111. The Attorney General and the Wisconsin Employment Relations Board thereafter caused process to issue looking to the punishment of the plaintiffs and other employees for violating said injunction. The Attorney General likewise threatened to invoke criminal penalties.

In the case at bar, after putting in issue various allegations of the complaint, the defendants pleaded that prior to the commencement of the case at bar plaintiffs chose as their forum for the litigation of the same issues the Circuit Court of Milwaukee County, in which action, on demurrer, the court entered judgment that subchapter 3 of Chap. 111, Wis.Stats. of 1947, was constitutional and valid. Defendants plead such State court action as res judicata.

We proceed to a consideration of the defense of res judicata. The judgment of the Circuit Court of Milwaukee County, which is pleaded as a bar, provided in part, as follows: "It Is Hereby Adjudged and Determined that Chapter 414, Laws of 1947, being Subchapter III of Chapter 111 of the Wisconsin Statutes, 1947, is a valid and constitutional act, and does not violate nor conflict with any of the provisions of the Constitution of the State of Wisconsin, nor with any of the provisions of the Constitution of the United States, nor with any amendment thereto, and does not conflict with the United States Labor-Management Relations Act of 1947 [29 U.S.C.A. § 141 et seq.], and does not deny to the plaintiffs nor to any of the employees of the defendant Milwaukee Gas Light Company represented by them, * * * any rights, privileges or protection secured to them under either of said Constitutions or said act of Congress; and that the plaintiffs, the defendant Milwaukee Gas Light Company, and its employees represented by the plaintiffs herein, are subject to and controlled by said Subchapter III of Chapter 111 of the Wisconsin Statutes, 1947."

An appeal from this judgment was taken by the plaintiffs in that case to the Supreme Court of Wisconsin, which court affirmed the Circuit Court judgment. United Gas, Coke & Chemical Workers v. Wisconsin Emp. Relations Board, 255 Wis. 154, 38 N.W.2d 692. Plaintiffs did not appeal to the United States Supreme Court or seek other relief from the action of the Wisconsin Supreme Court. Since the time for appeal to the United States Supreme Court has long since elapsed, the judgment of the Circuit Court, affirmed by the Wisconsin Supreme Court, is conclusive. Angel v. Bullington, 330 U.S. 183, 189, 67 S.Ct. 657 91 L.Ed. 832. See also: Grubb v. Public

Utilities Commission of Ohio, 281 U.S. 470, 475, 50 S.Ct. 374, 74 L.Ed. 972; Mitchell v. First National Bank of Chicago, 180 U.S. 471, 480, 21 S.Ct. 418, 45 L.Ed. 627.

■ The judgment of the Circuit Court of Milwaukee County, affirmed by the Wisconsin Supreme Court, is res judicata, and bars a subsequent action in this court, if it falls within the rule that a judgment of a State court of competent jurisdiction is binding and conclusive as to all matters put in issue and decided in the State court, and bars a subsequent action in a federal court if the causes of action, subject matter and parties are the same. Angel v. Bullington, supra, 330 U.S. at pages 192–193, 67 S.Ct. at page 662, 91 L.Ed. 832; Treinies v. Sunshine Mining Co., et al., 308 U.S. 66, 75–78, 60 S.Ct. 44, 84 L.Ed. 85. Indeed such a judgment is binding as to all relevant issues which could have been raised and litigated therein. Heiser v. Woodruff et al., 327 U.S. 726, 735, 66 S.Ct. 853, 90 L.Ed. 970; Troxell, Administratrix v. Delaware, Lackawanna & Western Railroad Co., 227 U.S. 434, 440, 33 S.Ct. 274, 57 L.Ed. 586; Reinkey v. Wilkins, 172 Wis. 515, 520, 179 N.W. 751.

We think it clear that the causes of action and the subject matter are the same in the two suits. The cause of action in the case at bar is based upon the same facts as in the State court action. This is so even though some of the actions which could only be considered in a prospective way by the State court have since come to pass. The fact that a strike was actually called since the State court judgment was rendered does not create a different situation. The allegations in the pleadings in the two cases are substantially the same. The facts necessary to sustain the two actions are the same. As for the subject matter, the issues in the case at bar and in the State court action arose from the claimed repugnancy of subchapter 3 of Chap. 111, Wis. Stats., to the federal Constitution and to the Labor-Management Relations Act of 1947, and those issues were decided against the union in the State court action. The questions essential to a determination herein are the same as those of the State court case.

It is true that the opinion of the Wisconsin Supreme Court contains some equivocal language which furnishes some foundation for the contention of plaintiffs herein that all of the issues were not squarely met. Nevertheless it is the action which the Supreme Court took which is important rather than any reasons which it might give for such action. The appeal was from the judgment of the Circuit Court. Included in the issues squarely raised were the claimed repugnancy of subchapter 3 of Chap. 111 to the federal Constitution and to the Labor-Management Relations Act of 1947. The Wisconsin Supreme Court was empowered to reverse, affirm or modify the Circuit Court judgment; it did not reverse or modify, but affirmed the judgment without any condition or qualification. The mandate of the Wisconsin Supreme Court did not affirm an order sustaining a demurrer, but rather it affirmed the judgment of the Circuit Court of Milwaukee County in that case. Moreover, it is not important whether we refer to the judgment which was affirmed as a judgment of the Circuit Court or of the Supreme Court.

Plaintiffs' argument that all of the merits of the controversy were not passed upon is conclusively answered in Angel v. Bullington, supra, 330 U.S. at page 190, 67 S.Ct. at page 661, 91 L.Ed. 832, where the controlling opinion holds:

"It is suggested that the North Carolina Supreme Court did not adjudicate the 'merits' of the controversy. It is a misconception of res judicata to assume that the doctrine does not come into operation if a court has not passed on the 'merits' in the sense of the ultimate substantive issues of a litigation. An adjudication declining to reach such ultimate substantive issues may bar a second attempt to reach them in another court of the State. * * *

"The 'merits' of a claim are disposed of when it is refused enforcement. If an asserted federal claim is denied enforcement on a professed local ground, but a so-called local ground which is subject to review here because it is in fact the adjudication of a federal question, then the 'merits' of that claim were adjudicated in the only sense that adjudication of the 'merits' is

relevant to the principles of *res judicata.* * * * "

As the State court litigation, in both the Circuit Court and Supreme Court, involved questions and issues identical to those present and raised in the instant action, and the plaintiffs not having appealed to the United States Supreme Court, it follows that, if the parties to each of the actions are the same, plaintiffs herein are precluded from further litigating the questions and issues in this action under the doctrine of res judicata.

We now focus our attention on the question whether the parties to the State court action were the same as the parties in the case at bar. Manifestly they are not identical. Certain individuals are named in the pleadings in the case at bar, both as plaintiffs and defendants, who were not thus named in the State court action. The union and Thomas Lansing, its then president, were plaintiffs in the State court action and they are also plaintiffs in the case at bar. The parties plaintiff are not changed because the amended complaint herein now names Arthur St. John, the current president of the union, and lists other officers of the union and members of its bargaining committee. Plaintiffs in both cases are the union and the officers thereof who represent the membership. We hold that the parties plaintiff are the same in both actions.

The Wisconsin Employment Relations Board and the Milwaukee Gas Light Company were named defendants in both actions. In addition, the three individuals who are the Wisconsin Employment Relations Board are named individually in the case at bar, as well as Thomas E. Fairchild, the Attorney General of the State of Wisconsin. However, the three members of the board are sued in the present action only as members of the board, and not in their capacity as private citizens. The Attorney General is sued only in his official capacity, that of attorney representing the Wisconsin Employment Relations Board. We hold that the parties defendant are the same in both actions.

■ The fact that the union seeks an injunction in the case at bar in addition to the declaratory judgment sought in both cases does not prevent the judgment in the State court action from operating as an estoppel in this court. 50 C.J.S., Judgments, § 900 (a). A change in the form or measure of the relief asked in the complaint in a second cause of action does not preclude the application of the doctrine of res judicata. 30 Am.Juris., Judgments, Sec. 176.

■ A valid distinction cannot be drawn between a judgment entered in a State court action sustaining a demurrer to a complaint and a judgment rendered after a trial upon the merits. In Northern Pacific Railway Co. v. Slaght, 205 U.S. 122, 130, 27 S.Ct. 442, 445, 51 L.Ed. 738, the court stated: " * * * It is well established that a judgment on demurrer is as conclusive as one rendered upon proof."

In Ellis v. Northern Pacific Railroad Co., 80 Wis. 459, 465, 50 N.W. 397, 398, 27 Am. St.Rep. 44, the court said: " * * * It is sufficient to say that by repeated decisions it has become the settled law in this state that the decision of this court upon a demurrer is conclusive upon the questions legitimately involved, and is res adjudicata in that case. * * * "

In Lewko v. Chas. A. Krause Milling Co., 219 Wis. 6, 8, 261 N.W. 672, 673, the court said: "The plaintiff first argues that a decision sustaining a demurrer is not res judicata because there has been no trial upon the merits. In this contention it is considered that the plaintiff is in error. * * "

■ It follows that each member of the union upon whose behalf the State court action was brought is bound by the judgment that was entered in that action. This court has no discretion to pass upon the merits of the important questions raised in the case at bar, and ignore the defense of res judicata. In 30 Am.Juris., Judgments, Sec. 254, it is said, at p. 983: " * * * Where the prior judgment is properly brought to the attention of the court, the question whether the doctrine of res judicata should be applied is one of law, and not for the discretion of the court."

■ The full faith and credit clause of the United States Constitution, Art. IV, Sec. 1, applies to federal courts. 28 U.S.

C.A. § 1738. Federal courts are required to give full faith and credit to the judgments of State courts. Davis v. Davis, 305 U.S. 32, 39–40, 59 S.Ct. 3, 83 L.Ed. 26, 118 A.L.R. 1518.

The defendants' defense of res judicata must be sustained. Formal findings of fact and conclusions of law, together with formal judgment, will be prepared by counsel for defendants and submitted to counsel for plaintiffs for approval as to form, and if so approved then to the court for signatures and entry; but if not approved, then, upon notice, to the court for settlement, signatures and entry.

STONE, District Judge, concurs.

TEHAN, District Judge (dissenting).

The majority opinion states the facts which brought this action to this court and concludes that the plaintiffs have already had a complete adjudication in the State courts of all of the issues they raise here and thus are now barred from litigating these issues by the doctrine of res judicata. Our dissent is prompted by the belief that the issues raised in this action were not finally adjudicated in the State action and that plaintiffs are entitled to an adjudication of these issues.

In the complaint which plaintiffs filed in the Circuit court of Milwaukee County, Wisconsin, plaintiffs alleged that subchapter 3 of Chap. 111, Wis.Stats.1947 was void in that it was in conflict with the Wisconsin Constitution, the Federal Constitution and the Labor Management Relations Act.

The judgment of the Circuit Court adjudicated each of the issues raised in the plaintiffs' complaint in that action. This judgment was then appealed to the Supreme Court of the State of Wisconsin, and that court issued an opinion and affirmed the judgment of the Circuit Court.[1] The majority opinion herein holds that the Circuit Court judgment, affirmed by the Wisconsin Supreme Court, is conclusive to bar plaintiffs in this action.

I question first the assertion that the judgment of the Circuit Court of Milwaukee County is a bar in this action. When a party appeals from a judgment of a Circuit Court of Wisconsin to the Wisconsin Supreme Court, and the Circuit Court's judgment is affirmed, is the judgment which then determines the rights of the parties to that action the judgment of the Circuit Court? The Wisconsin Supreme Court has said that it is not.

In the case of Ean v. Chicago, Milwaukee & St. Paul Ry. Co., 101 Wis. 166, 76 N.W. 329, the Supreme Court considered the effect of its affirmance of a Circuit Court judgment. In that instance, the Supreme Court had affirmed a judgment of an action commenced in the superior court of Milwaukee County. After the appeal was determined, the cause was remanded. Then, within one year of the date of the entry of the judgment in the superior court, that court entered an order vacating its judgment and permitted the plaintiff to plead further. The order purported to be made under the provisions of R.S.1878, sec. 2832. The provisions of this section, according to the Supreme Court opinion, were "substantially to the effect that the court or judge may, in his discretion, and upon such terms as may be just, at any time within one year after notice thereof relieve a party from a judgment against him 'through his mistake, inadvertence, surprise or excusable neglect.'" The court held that the section applied only to judgments of the Circuit Court and "not to those which by operation of law have become judgments of this court." The court clearly held that when a mandate is remanded and the lower court enters a final judgment in accordance therewith, "the judgment so entered is, in legal effect, the judgment of this court. It is none the less true in cases where there is an affirmance than when some other directions are given." In other words, the court noted that after an appeal, the judgment in any case is the judgment of the Supreme Court and that

---

1. United Gas, Coke & Chemical Workers v. Wisconsin Emp. Relations Board, 255 Wis. 154, 38 N.W.2d 692.

the legal consequences of that judgment are not necessarily identical as those which attach to the lower court judgment. To the same effect see Crowns v. Forest Land Co., 100 Wis. 554, 76 N.W. 613 and Hoan v. Journal Co., 241 Wis. 483, 6 N.W.2d 185. Thus we see that when a judgment of the Circuit Court is considered by the Supreme Court and the Supreme Court renders an opinion as to the propriety of that judgment, the Supreme Court has, in legal effect, issued a new judgment which becomes the judgment of that case. Therefore, it is only the judgment of the Supreme Court which can be pleaded in bar under the doctrine of res judicata.

The full faith and credit clause of the United States Constitution requires that in any particular instance a Federal Court must give to a judgment of a State Court the same legal effect as the courts of that state would give to it. Covington v. First National Bank, 198 U.S. 100, 25 S.Ct. 562, 49 L.Ed. 963; Jarrard v. Southeastern Shipbuilding Corporation, 5 Cir., 163 F.2d 960. In the instant case, we must consider the judgment which is pleaded in bar in the light in which it should be considered by a Circuit Court of Wisconsin had the plaintiffs commenced this action in such a court. We think that in striving to determine what legal effect the courts of Wisconsin would give to the judgment now pleaded in bar, it is proper that we look to the opinion which the Supreme Court rendered at the time it handed down its judgment in that case. In so doing we recognize that there is a distinction between a judgment or findings of fact and an opinion. 49 C.J.S., Judgments, § 4. But we believe that since an opinion explains the basis in law upon which the judgment is rendered, it is a proper guide in determining what the legal effect of that judgment should be. It is proper for a Federal Court to examine the opinion of a State Court to see what issues were determined. San Jose Land & Water Co. v. San Jose Ranch Co., 189 U.S. 177, 23 S.Ct. 487, 47 L.Ed. 765; Gross v. United States Mortgage Co., 108 U.S. 477, 2 S.Ct. 940, 27 L.Ed. 795; Carson v. Three States Lumber Co., C.C., 142 F. 893, affirmed 6 Cir., 149 F. 377.

The majority opinion herein dismisses the Supreme Court opinion with the observation that it contains "some equivocal language which furnishes some foundation for the contention of plaintiffs herein that all of the issues were not squarely met." They pass over language which seems to us clearly to indicate that the Supreme Court felt it should not pass on certain constitutional questions until a factual situation was presented to the Court at a later date. The majority opinion places complete reliance on the words "Judgment Affirmed", which appear at the end of the opinion.

If the Supreme Court had merely affirmed without opinion there would be no dissent, and if the Supreme Court's opinion had discussed only one of the constitutional questions and remained silent on the other questions raised by plaintiffs, we would have reluctantly concurred.

The clear language of the Supreme Court's opinion on its position on certain constitutional questions requires, in my mind, the same consideration and treatment that was given by a distinguished court in the case of Moran Towing & Transportation Co., Inc., v. Navigazione Libera Triestina, S. A., 2 Cir., 92 F.2d 37. We think the Second Circuit Court of Appeals was there confronted with the same problem we face here. The Moran Company had furnished tugboat service and a tug master as a pilot for the N. L. T. under a contract which provided: " 'When the captain of any tug engaged in the service of assisting a vessel which is making use of her own propelling power goes on board said vessel or any other licensed pilot goes on board said vessel, it is understood and agreed that said tugboat captain or any other licensed pilot becomes a servant of the owner in respect to the giving of orders to any of the tugs engaged in the assisting service and in respect to the handling of said vessel and neither the tugs or their owners or agents shall be liable for any damage resulting therefrom.' "

During the maneuvering of the vessel, property of The Robins Company was damaged and it sued Moran and N. L. T. in the New York State Courts for damages. The

trial court found negligence on the part of the pilot; directed judgment for The Robins Company against Moran, and dismissed the complaint against N. L. T. The trial judge filed an opinion, Robins Dry Dock & Repair Co. v. Navigazione Libera Triestina, S. A., 154 Misc. 788, 279 N.Y.S. 257, which was made part of the judgment roll in the State Court in which he indicated that he adjudged that Moran could not divest itself of liability to a third person by means of such a contractual provision and also that the contractual provision would not relieve Moran even as to N. L. T. because the tug master who performed the pilot duties was not a licensed pilot such as the clause called for.

An appeal was taken from this judgment to the New York Appellate Division which affirmed the judgment without opinion. 235 App.Div. 841, 257 N.Y.S. 908. Then an appeal was taken to the Court of Appeals which also affirmed the judgment and issued an opinion. 261 N.Y. 455, 185 N.E. 698. Thereafter, Moran paid the judgment and brought action in Federal Court against N. L. T. to recover the amount of the judgment and its disbursements, claiming that N. L. T. was an indemnitor under the terms of the "pilotage clause". The trial court dismissed the libel on the ground that the issue of liability for the acts of the pilot had been determined by the State Court and could not again be litigated. This judgment was appealed to the Circuit Court of Appeals, and it is the opinion of this court, composed of Circuit Judges Learned Hand, Augustus N. Hand and Harrie B. Chase (the opinion was written by Augustus Hand) which we cite in support of our position. The court looked to the language of the State Court opinions to determine what it was that the trial court and then the Court of Appeals had decided. It concluded that while the Court of Appeals had affirmed the judgment of the trial court, the language which the Court of Appeals used in its opinion indicated that it did not agree with the total adjudication of the trial court. This conclusion was based upon the assumption that it was proper to look to the opinion of the State Courts to determine what was there decided. The propriety of this assumption was discussed by the court.

"The appellee, however, cites Russell, v. Russell, 3 Cir., 134 F. 840, and Oglesby v. Attrill, 20 F. 570 (Wallace, J., in U. S. Circuit Court), as holding that an unconditional affirmance of a judgment by an appellate court, though rendered on entirely different grounds or only on some of the grounds upon which the decision of the lower court was rendered, leaves the questions determined by the lower court as res judicata in all respects. To treat as controlling the findings of a trial court when the appellate court upsets or disregards them and renders a decision of affirmance on different grounds furnishes parties to other litigations affected by the decision a false guide. There seems to be a paucity of authority on this question, and with all due respect we cannot subscribe to such a formal treatment of the situation. * * *"

We, too, feel it is not proper to deprive parties of substantial rights by "a formal treatment of the situation".

In the Moran case the Circuit Court of Appeals did not hesitate to look to the opinion of the State Appellate Court to determine that the judgment of the appellate court was different than that of the State trial court. So in the instant case we look to the opinion of the Wisconsin Supreme Court which, to us, indicates clearly that its judgment was different than that rendered by the circuit court.

Let us now examine the opinion of the Wisconsin Supreme Court in this case in the light of the Moran case. The plaintiff public utility employees and their union claimed they were aggrieved by an act of the Wisconsin legislature and commenced an action for declaratory relief, alleging that the act of the legislature was violative of their rights under the Constitutions of the United States and State of Wisconsin and repugnant to the Labor Management Act of 1947. The defendants demurred and the circuit court sustained the demurrer and entered judgment finding against plaintiffs on each of these grounds. The matter was appealed to the Wisconsin Supreme Court and that court, after reciting the facts, began its opinion with the following language:

"We are first confronted with a fundamental rule of law that the constitutionality of a statute is not to be determined as a hypothetical question or upon assumed facts or unreal possibilities. The court should not anticipate a question of constitutional law before it is to be applied to the precise facts before it and should not attempt to test the operation of a law under every conceivable set of circumstances. This rule is illustrated by the following quotations from prior decisions of this court:

"'Sound judicial policy precludes the court from considering the question of the constitutionality of a legislative act unless a decision respecting its validity is essential to the determination of some controversy calling for judicial solution.' State ex rel. Rosenhein v. Frear, 138 Wis. 173, [176], 119 N.W. 894, 895.

"'The legislature, subject to the Constitutions of the United States and of this state, is supreme in its particular field, and this court will not declare laws unconstitutional unless it clearly appears beyond reasonable doubt that they contravene constitutional provisions. See Payne v. Racine, 217 Wis. 550, 259 N.W. 437; Petition of Breidenbach, 214 Wis. 54, 252 N.W. 366; Doering v. Swoboda, 214 Wis. 481, 253 N. W. 657; State ex rel. Carnation Milk Products Co. v. Emery, 178 Wis. 147, 189 N.W. 564, and the numerous earlier decisions cited therein.' State ex rel. Attorney General v. Wisconsin Constructors, 222 Wis. 279 [284], 268 N.W. 238, 240.

"'A constitutional question will not be decided until it is brought directly in issue by the facts involved in the instant case.' Democrat Printing Co. v. Zimmerman, 245 Wis. 406 [411], 14 N.W.2d 428, 430.

"Therefore, upon this record, we can only determine whether or not ch. 414, Laws of 1947, is a valid and constitutional enactment. The plaintiffs contend that it is not because it contains unlawful delegations of legislative and judicial powers. * * *" [225 Wis. 154, 38 N.W.2d 694]

The court's opinion proceeds to a discussion of the questions of delegation of legislative and judicial powers (neither of which issues is involved in these proceedings), decides the issue of delegation of legislative powers, and continues with the following language: "Upon the record here there is no question of the delegation of judicial power. This question and other contentions and arguments of the plaintiffs can be disposed of best when a case involving a particular question is presented and fully argued. If any person or agency, in the enforcement of the law, should attempt to usurp unlawful legislative or judicial powers there is an adequate remedy."

The Wisconsin Court's opinion in effect says: We will not decide the principal constitutional objections raised by the plaintiffs. We will only decide the question of whether the statute in question involves an unlawful delegation. The door, however, is not closed on your grievances. At a more propitious time and place, when a matured fact situation has developed, you will have your day in court.

Abbreviating the court's own language, it said: "The court should not anticipate a question of constitutional law before it is to be applied to the precise facts before it and should not attempt to test the operation of a law under every conceivable set of circumstances. . * * * Therefore, upon this record, we can only determine whether or not (the statute) is a valid and constitutional enactment. * * * This question (delegation of judicial power) and other contentions and arguments of the plaintiffs can be disposed of best when a case involving a particular question is presented and fully argued. * * *" Such language would never have been used by a court which did not conclude that a final disposition of the issues again raised in these proceedings was open to a future determination such as sought here.

We must also remember that the action in the State court was one for declaratory judgment. A judgment resulting from a declaratory judgment action is not res judicata to issues which were not actually determined. Restatement of Judgments, Sec. 77, Comment b. states:

"Effect of declaratory judgment on subsequent controversies. The effect of a declaratory judgment in subsequent contro-

versies between the parties depends upon the scope of the declaration of rights made by the judgment. As to matters declared by the judgment, the parties are precluded from relitigating them; as to matters not declared by the judgment, although a declaration might have been made as to them, the parties are not so precluded.

"Where a plaintiff seeks a declaratory judgment, he is not seeking to enforce a claim against the defendant. He is seeking rather a judicial declaration as to the existence and effect of a relation between him and the defendant. The effect of the judgment, therefore, unlike a judgment for the payment of money, is not to merge a cause of action in the judgment or to bar it. The effect of a declaratory judgment is rather to make res judicata the matters declared by the judgment, thus precluding the parties to the litigation from relitigating these matters."

The majority opinion places great reliance on the case of Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832. I feel that the Angel case is clearly distinguishable from the case at bar. The majority opinion in the Angel case held that the North Carolina Supreme Court adjudicated all of the federal issues involved when it ruled that it had no jurisdiction to consider the claim of Bullington. In other words, when the North Carolina Court ruled that a state statute removed from North Carolina courts jurisdiction to consider Bullington's claim, there was implicit in that ruling the determination that the state statute was constitutional. I think it is impossible to find in the Wisconsin Supreme Court's statement, that certain issues are not before it because a proper factual situation has not developed, any implicit ruling that the Wisconsin statute is not in conflict with the Federal Constitution or the Labor Management Relations Act.

Another clear basis of distinction rests in the fact that the action before the Wisconsin State court, unlike the Angel case, was one seeking a declaratory judgment, and that a declaratory judgment, as noted in Restatement of Judgments, sec. 77, is conclusive only as to matters actually deter-

mined and not as to those which might have been determined.

The plaintiffs in the instant case went first to the Wisconsin courts to obtain a ruling on the validity of the Wisconsin statute. The Wisconsin Supreme Court, in my opinion, denied them a complete ruling at that time, but held open the door of the court for their return at some later date when the factual situation warranted such a return. Following this a strike occurred and the challenged statute was put into operation. Plaintiffs then came to this court and asked for a ruling on the validity of the statute. This we have denied them by the application of res judicata. The doctrine of res judicata is a wholesome one, but I do not believe it was ever intended to work such a result.

The decision of this court has not only refused them that ruling, but by holding that the Wisconsin decision was res judicata on all the issues raised here, are we not then closing the door to the Wisconsin courts that the Supreme Court of the state held open? There seems substantial authority for the proposition that this court's ruling on the question of res judicata, if it becomes final, will, in turn, be res judicata on that issue and thus bar the plaintiffs from ever returning to the Wisconsin court. Freeman on Judgments, 5th Ed., p. 1498.

